| | |
|---|---|
| WESLEY SCHLEPP, an individual:<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK N.A. SUCCESSOR TO WASHINGTON MUTUAL BANK; DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR SECURITIZED TRUST WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR; QUALITY LOAN SERVICE CORP. WASHINGTON; and DOES 1-10, Inclusive<br><br>Defendants. | Case No. C17-0152RSM<br><br>ORDER GRANTING DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THIS MATTER comes before the Court on Defendant Deutsche Bank National Trust Company's Motion for Summary Judgment. Dkt. #19. Defendant moves for summary judgment on the bases that Plaintiff lacks standing to bring his claims, the claims are precluded under the doctrine of collateral estoppel, Plaintiff waived his right to seek rescission of the foreclosure at issue, and Plaintiff's claims are time-barred. *Id.* Plaintiff has filed an untimely response, which the Court has considered.[1] Dkt. #22. Having reviewed Defendant's motion, the records submitted in support thereof, and the remainder of the record, the Court now GRANTS Defendant's motion.

---

[1] Although Defendant notes in its Reply that the Response is untimely, it specifically declines to move to dismiss the Response. *See* Dkt. #23. Accordingly, the Court has considered it along with the rest of the record.

ORDER - 1

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

In this case, only Defendant has submitted a factual background to this matter. Dkts. #19 and #20. That record supports the following facts. On or about March 10, 2006, Mr. Schlepp executed a Promissory Note in the principal sum of $503,000. *See* Dkt. #1 at ¶ 22. The Promissory Note was secured by a Deed of Trust encumbering the property located at 2804 E. Lake Sammamish Pkwy NE, Sammamish, WA 98074. Dkt. #20, Exs. A and B. The Deed of Trust was assigned to Defendant Deutsche Bank National Trust Company, as beneficiary, in 2009. *Id.*, Ex. C. The Trust then purchased the property and acquired title via a foreclosure sale held on December 13, 2013. *Id.*, Ex. D. On August 4, 2014, Mr. Schlepp filed a voluntary

ORDER - 2

Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Western District of Washington. *See* Case No. 14-15869-TWD. The matter was subsequently converted to a Chapter 7 bankruptcy. *Id.* at Dkt. #13. On August 15, 2014, Mr. Schlepp filed an adversary proceeding against the Trust. *See* Case No. 14-01327-TWD. In the Adversary Proceeding, Mr. Schlepp asserted claims for, *inter alia*, wrongful foreclosure and to quiet title. Dkt. #20, Ex. E. The Adversary Proceeding was ultimately dismissed on the basis that Mr. Schlepp lacked standing, since all of the claims in the Adversary Proceeding were the property of the bankruptcy estate. *Id.*, Ex. F. Plaintiff then filed the instant lawsuit, asking the Court to set aside the sale or award him $1.5 million in damages. Dkt. #1.

Having reviewed the briefing submitted by Defendant, the Court agrees with Defendant for the reasons set forth in its brief that Plaintiff not only lacks standing to bring his claims, but that Plaintiff has waived his right to rescission and his claims are time-barred.[2] Dkt. #19 at 3-8. Indeed, when Plaintiff filed his bankruptcy matter, an estate was created that included his interests as the debtor in his property "as of the commencement of the case." 11 U.S.C. § 541(a)(1). The bankruptcy estate necessarily includes the claims asserted in the instant matter because the bankruptcy matter was filed after the foreclosure sale. The Bankruptcy Court determined the same. *See* Dkt. #20, Ex. F. Those claims remain the property of the bankruptcy estate. *See* 11 U.S.C. § 554(d); *Cheng v. K & S Diversified Invs., Inc.,* 308 B.R. 448, 461 (9th Cir. BAP 2004), *aff'd,* 160 Fed. Appx. 644 (9th Cir. 2005). Thus, Plaintiff has no standing to assert the claims in this suit.

Likewise, Plaintiff has waived his right to seek rescission. Defendant is correct that Washington law requires a residential homeowner to obtain an injunction before a non-judicial

---

[2] The Court does not reach the question of whether the claims are also barred by the doctrine of collateral estoppel. *See* Dkt. #19 at 4-5.

ORDER - 3

foreclosure sale or else he or she waives all claims to the property, while retaining any damages claims he or she may have. RCW 61.24.127. Plaintiff did not take such action with respect to the property that was foreclosed in 2013. *Plein v. Lackey*, 149 Wn.2d 214, 227, 67 P.3d 1061 (2003) ("The failure to take advantage of the presale remedies under the deed of trust act may result in waiver of the right to object to the sale, as RCW 61.24.040(1)(f)(IX) provides."). Further, Washington courts have held that a waiver of any post-sale contest occurs where a party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale. *Country Express Stores, Inc. v. Sims*, 87 Wn. App. 741, 749-51, 943 P.2d 374 (1997); *Steward v. Good*, 51 Wn. App. 509, 515-17, 754 P.2d 150 (1988); *Koegel v. Prudential Mut. Sav. Bank*, 51 Wn. App. 108, 114, 752 P.2d 385 (1988). In this case, Plaintiff does not dispute that he received notice of the sale, or that he had knowledge of a defense before the property was sold. *See* Dkt. #22.

Finally, the Court agrees that Plaintiff's claims are time-barred. Claims arising under the Deed of Trust Act ("DTA") are subject to a two-year statute of limitations. *See* RCW 61.24.127(2). The foreclosure sale took place on December 13, 2013, but the Complaint in this matter was not filed until January 2017. To the extent Plaintiff raises claims under the Real Estate Settlement Procedures Act ("RESPA"), the claims are also time-barred, as claims arising under RESPA are subject to a three-year statute of limitations. 12 U.S.C. § 2614.

In response to Defendant's arguments, Plaintiff provides no evidence, legal authority, or legal discussion that would raise any issue of material fact demonstrating a genuine dispute in this matter. Instead, Plaintiff simply asserts in conclusory manner that he "believes he has established a genuine issue of material fact which precludes summary judgment," he "believes

ORDER - 4

he has standing to bring this action," he "did not waive his right to set aside the sale," and his "claims are not time-barred." Dkt. #22 at 2-3. Rather than providing any factual record or legal authority to support these assertions, Plaintiff states (again in conclusory manner) that he will just amend his Complaint apparently to make these assertions true.[3] *Id.* Nothing in Plaintiff's response provides any basis to deny summary judgment in favor of Defendant.

Accordingly, the Court hereby ORDERS:

1. Defendant Deutsche Bank National Trust Company's Motion for Summary Judgment (Dkt. #19) is GRANTED, and Plaintiff's claims against this Defendant are dismissed in their entirety.

2. There being no remaining Defendants in this action, this matter is now CLOSED.

3. The Clerk shall provide a copy of this Order by U.S. Mail to Plaintiff at: 12212 NE 62nd St, Kirkland, WA 98033.

DATED this 7 day of August 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Notably, Plaintiff has not moved to amend his Complaint, and the deadline to do so has already passed. Dkt. #18 (setting the deadline for amended pleading as July 18, 2017).

ORDER - 5